ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

D.J. PASHAYAN
Ohio Bar No. 0071260
Assistant United States Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Email: Don.Pashayan@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-17-01110-2-PHX-DLR |
| Plaintiff, | **UNITED STATES' MEMORANDUM IN SUPPORT OF DEFENDANT'S DETENTION PENDING TRIAL** |
| vs. | |
| Luis Macias, | |
| Defendant. | |

The United States of America, by and through the undersigned counsel, hereby respectfully submits this memorandum and asks that the Court detain the defendant as a danger to the community pursuant to Title 18, United States Code, Sections 3142(e)(3)(A) and (f)(1)(C).

**1.   The current charge and the rebuttable presumption in favor of detention**

In Count One of the First Superseding Indictment, the Grand Jury charged the defendant with conspiracy to distribute oxycodone, fentanyl, cocaine, and alprazolam (Xanax) between the fall of 2015 through August of 2017. *See* First Superseding Indictment. As to Count One, the defendant faces up to 20 years' imprisonment. *See* 21 U.S.C. Sections 846, 841(a)(1) and (b)(1)(C).

Some of the fentanyl distributed during the time period of the conspiracy resulted in the death of "P.L." *See* Count Four of the First Superseding Indictment. While the defendant is *not* charged in this homicide or overdose count, the defendant is nevertheless

charged in Counts 6 and 7 of the First Superseding Indictment discussing the effects and the distribution of fentanyl with his mother, co-defendant Madrigal Lopez, *after* this death occurred. *See Id.*

So, as a result of the Controlled Substance Act offence charged in Count One, the rebuttable presumption in favor of detention applies in this case. *See* Title 18, United States Code, Section 3142(e)(3)(A).

**2. Section 3142(g) factors favor detention: nature of the case, weight of the evidence, and danger to the community**

As mentioned above, this case involves the distribution of fentanyl, oxycodone, cocaine, and alprazolam, over an extended period of time, which caused the death of PL on November 16, 2016.

In sum, co-defendant Madrigal-Lopez is the mother of the remaining defendants in this case. She was the primary distributor of these drugs to numerous customers in the Phoenix area. Her children, to include the defendant, helped distribute these drugs and funneled drug monies back to her.

On August 18, 2017, co-defendant Madrigal-Lopez was arrested at her residence in Peoria, Arizona. Fentanyl, cocaine, oxycodone, and alprazolam were seized from her bedroom and her vehicle. Her cellular telephones were also seized.

A forensic analysis was then done on her phones. Thereafter, the defendant was identified as one of her co-conspirators who distributed drugs with and for her. For example, in text messages between the defendant and Madrigal-Lopez on July 26 - 27, 2017, the two of them discussed distributing fentanyl:[1]

7/26/2017--10:15 a.m.

(Madrigal-Lopez forwarded a message she received from a customer listed as "Andy [PL]" who was using telephone number 602-980-2241).

---

[1] Of note, these text messages occurred *after* PL overdosed on fentanyl sold by Madrigal-Lopez.

Madrigal-Lopez to **defendant**: *I only did like 1/4 of it and it hit me really hard but without the good feeling and then I got nauseous. I read that people are making fake pills with Fentanyl which is a lot stronger. I don't know if that's what's in those but I would be careful with them*

7/26/2017--10:15 a.m.

Madrigal-Lopez to **defendant**: *This is what the guy from the Honda told me*

7/26/2017--11:01 a.m.
**Defendant** to Madrigal-Lopez: *Fuck*

7/26/2017--11:01 a.m.
**Defendant** to Madrigal-Lopez: *So then no?*

7/26/2017--11:12 a.m.
Madrigal-Lopez to **Defendant**: *Well I'm going to give Cotty 1 today and I'll see what he says, but I can sell them, just too slow.*

7/26/2017--11:56 a.m.
**Defendant** to Madrigal-Lopez: *Too slow?*

7/26/2017--11:56 a.m.
**Defendant** to Madrigal-Lopez: *hmmmm. Ok we'll see.*

7/26/2017--12:00 p.m.
Madrigal-Lopez to **Defendant**: *yeah, sell them little by little*

7/27/2017--11:32 a.m.
Madrigal-Lopez to **Defendant**: *Cotty already told me they aren't any good he didn't like them.*

7/27/2017--11:33 a.m.
**Defendant** to Madrigal-Lopez: *For reals?*

7/27/2017--11:34 a.m.
Madrigal-Lopez to **Defendant**: *Yes*

7/27/2017--11:35 a.m.
Madrigal-Lopez to **Defendant**: *So if you want to tell the guy See What he tells you if no Then oh well*

7/27/2017--11:35 a.m.
**Defendant** to Madrigal-Lopez: *Of what. If he will give [you]the money?*

7/27/2017--11:36 a.m.
Madrigal-Lopez to **Defendant**: *Yeah what is your view?*

Madrigal-Lopez to **Defendant**: *I say [he] is not going to want to*

7/27/2017--11:36 a.m.
**Defendant** to Madrigal-Lopez: *We'll see*

7/27/2017--11:36 a.m.
Madrigal-Lopez to **Defendant**: *Ok*

7/27/2017--11:38 a.m.
**Defendant** to Madrigal-Lopez: *And if not I will try to sell*

**Defendant** to Madrigal-Lopez: *Let's see and you gave [him] 1300?*

7/27/2017--11:42 a.m.
Madrigal-Lopez to **Defendant**: *1500*

Consequently, these text messages indicate that Madrigal-Lopez and the defendant both knew that some of their pills contained fentanyl. These text messages also indicate that the defendant was going to attempt to contact the source for these pills and try to obtain a refund for them. If the defendant was not able to obtain such a refund, the defendant told Madrigal-Lopez that, "I will try to sell" them anyways.

In addition to forensic evidence like this, different customers were identified and were interviewed. They described Madrigal-Lopez as a source of supply for their drugs and that her children, to include the defendant, delivered drugs to them and funneled drug monies back to her.

Despite Madrigal-Lopez's arrest, the defendant maintained contact with some of their drug customers, attempted to collect drug debts from them, and even discussed delivering cocaine. *See* **Attachment A**, September 16, 2017, text message from the defendant to one of these customers.

In light of this information, on November 14, 2017, DEA executed a search warrant

1  at the defendant's residence and seized a telephone from him. Of note, the telephone that
2  DEA seized was the *same* one that the defendant utilized in the text messages mentioned
3  above with *both* Madrigal-Lopez about fentanyl and the customer about his drug debt.
4  When DEA made contact with the defendant, DEA found a .308 caliber assault-style rifle
5  with a fully loaded magazine behind the driver's seat of the defendant's vehicle.[2]

At this time, DEA attempted to interview the defendant. After the interview concluded, the defendant admitted that he lied and "didn't tell [DEA] everything…" about the drug activities under investigation. In addition, when DEA requested that the defendant provide DEA with the password for this telephone, the defendant told DEA, "[f]------ figure it out."

On December 12, 2017, the defendant was arrested on the charges in this case. At this time, DEA again found the same assault-style rifle directly behind the driver's seat of his vehicle and seized it. *See* **Attachment B**, photographs of the defendant's assault rifle. There were two rounds of ammunition found in the magazine at this time.

### 3. Conclusion

For the reasons set forth above, the defendant should be detained. While as mentioned above, the defendant does have some apparent strong ties to this community, the overall conduct in this case and weight of the evidence dictates that the defendant is simply a danger to the community.

First of all, the current charge is for a serious drug offense and the rebuttable presumption in favor of detention applies. This case involves the defendant distributing

---

[2] DEA did not seize this rifle at this time because the defendant stated he was a U.S. citizen. Consequently, he did not appear to be a prohibited possessor at this time. Incidentally, there seems to be some conflicting information about his citizenship in the Pretrial Services Report.

On December 12, 2017, DEA seized this rifle at the time of the defendant's arrest. The reason for this seizure was because DEA recently learned, as set forth in **Attachment A**, that the defendant has been attempting to collect drug debts from customers. It therefore appears that the defendant had access to or was armed with this rifle in his vehicle while he was attempting to collect drug debts in this case.

oxycodone, fentanyl, cocaine, and alprazolam over an extended period of time. These overall activities caused the death of PL. This case also involves the defendant knowing that some of the drugs distributed contained fentanyl, a powerful and deadly opioid. Apparently, from the text message above, the defendant knew who was the source of these drugs and was determined to try and sell them if he was unable to get a refund for them.

Second, the weight of the evidence is strong and includes text messages, witness information, drug seizures and telephone seizures. As mentioned above, some of these text messages indicate that the defendant *knew* he was distributing fentanyl well after PL overdosed. The evidence also includes the seizure of a high-powered assault rifle and text messages relative to his recent efforts to obtain drug debts for Madrigal-Lopez. It also includes his admission that he lied to DEA and didn't tell them "everything" as well as telling DEA to "[f]------ figure it out," when asked for his telephone passcode.

As a result, the United States would request that the defendant be detained in this case as a danger to the community.

Respectfully submitted this 14th day of December, 2017.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

 */s/ D. J. Pashayan*
D. J. PASHAYAN
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing documents, and sent the attached document to the following CM/ECF registrant(s):

Denise Aguilar, Esq.
*Counsel for Defendant*

 *s/D.J. Pashayan*
U.S. Attorney's Office