ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

CAROLINA ESCALANTE-KONTI
Arizona State Bar No. 026233
D. J. PASHAYAN
Ohio Bar No. 0071260
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: fernanda.escalante.konti@usdoj.gov
Email: don.pashayan@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> Luis Angel Macias, <br><br> Defendant. | CR- 2:17-01110-02-PHX-DLR <br><br> **PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, LUIS ANGEL MACIAS, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to Count 5 of the First Superseding Indictment charging the defendant with a violation of Title 21, United States Code (U.S.C.), § 843(b), Unlawful Use of a Communications Facility, a Class E felony offense.

The defendant will also consent to the Forfeiture Allegation of the First Superseding Indictment.

2. **MAXIMUM PENALTIES**

a. A violation of 21 U.S.C. § 843(b) is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of 4 years, or both, and a term of supervised release of 1 year.

b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

d. The defendant understands and acknowledges that pleading guilty may result in the termination or denial of certain food stamp, social security, and other benefits for defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.

e. The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading

guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that defendant has discussed this eventuality with defendant's attorney. The defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

3. **AGREEMENTS REGARDING SENTENCING**

a. <u>Acceptance of Responsibility.</u> If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

b. <u>Base Offense Level Recommendation.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree and will recommend to the Court that the defendant's Base Offense Level equates to a Level 10 pursuant to U.S.S.G §§ 2D1.1(a)(5) and 2D1.6.

c. <u>No "Death or Serious Bodily Injury" Recommendation:</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant's Base Offense Level does not involve "death or serious bodily injury" pursuant to U.S.S.G § 2D1.1(a)(2).

d. <u>No "Aggravating Role" Recommendation:</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant should not receive an upward adjustment for "aggravating role" pursuant to pursuant to U.S.S.G § 3B1.1.

e. <u>Non-Binding Recommendations</u>. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

f. <u>No other agreements.</u> Other than the provisions set forth above, the United States and defendant agree and understand that certain other potential adjustments in the offense level, to include Specific Offense Characteristics (Chapter 2, Part D of the U.S.S.G.), role in the offense (Chapter 3, Part B of the U.S.S.G.), and obstructing or impeding the administration of justice (Chapter 3, Part C of the U.S.S.G.), shall be resolved at sentencing, and that the parties have no further agreements relative to the Total Offense Level applicable in this case other than that set forth herein.

**4. AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of sentencing, shall dismiss Counts 1 and 6 of the First Superseding Indictment as those counts relate to the defendant.

b. The United States Attorney's Office for the District of Arizona shall not prosecute the defendant for any other Controlled Substance Act, Obstruction of Justice, False Statement, or Immigration offenses committed by the defendant, and known by the United States, in connection with the First Superseding Indictment in this case.

c. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that this plea agreement is contingent upon the successful guilty plea of the co-defendants Fany Madrigal-Lopez, Adolfo Macias-Madrigal, and Paulina Madrigal-Macias. If any one or more of the co-defendants does not plead guilty in this case, or if any one of the co-defendants' pleas are rejected by the Court, the United States shall be entitled to withdraw from this plea agreement at any time prior to sentencing.

d. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

## 5. COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION

a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b. If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

## 6. WAIVER OF DEFENSES AND APPEAL RIGHTS

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the Indictment, First Superseding Indictment, or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of

"prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7. **DISCLOSURE OF INFORMATION**

   a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

   b. Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

   c. The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

   (1) criminal convictions, history of drug abuse, and mental illness; and

   (2) financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8. **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

   a. Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

   b. The defendant agrees to forfeit, and hereby forfeits, all interest in any asset

that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of the offense(s), or which was used to facilitate the commission of the offense(s), including the following property:

- a black Del-Ton Inc. DT-10 .308 caliber semiautomatic rifle with Serial Number D000993; and
- ammunition.

c. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further understands and agrees that forfeiture of the assets is appropriate and in accordance with the applicable forfeiture statutes, which may include Title 8 U.S.C. § 1324(b), Title 18 U.S.C. §§ 924(d), 981, 982 and 2253, Title 21 U.S.C. §§ 853 and 881, and Title 28 U.S.C. § 2461(c).

d. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture. This agreement does not preclude the United States from instituting any civil or administrative forfeiture proceedings as may be appropriate now or in the future.

e. The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy or any other means) to any forfeiture imposed as a result of this guilty plea or any pending or completed administrative or civil forfeiture actions, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify

truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

  f. The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant further agrees that he/she will not contest civil, administrative or judicial forfeiture of the listed property. The defendant agrees to waive his/her right to notice of any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.

  g. The government reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil actions which are being resolved along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible were involved in the offense(s).

  h. The defendant hereby waives, and agrees to hold the government and its agents and employees harmless from any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above. Without limitation, the defendant understands and agrees that by virtue of this plea of guilty, the defendant will waive any rights or cause of action that the defendant might otherwise have had to claim that he/she is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

**9.**  **<u>ELEMENTS</u>**

   **Unlawful Use of a Communications Facility**

On July 26, 2017, in the District of Arizona:

  1. The defendant knowingly used a communications facility, that is, a telephone; and

2. The defendant acted with the intent to cause or facilitate the commission of a drug felony, namely, a conspiracy to possess with the intent to distribute and distribute controlled substances as alleged in Count One of the First Superseding Indictment.

It does not matter whether the defendant knew that the substances possessed or distributed was oxycodone, fentanyl, cocaine, or alprazolam. It is sufficient that the defendant knew that it was some kind of controlled substance.

## 10. FACTUAL BASIS

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

> Between in or about the fall of 2015 through in or about August of 2017, co-defendant Fany Madrigal-Lopez, obtained quantities of oxycodone; blue "M-30" pills that looked like oxycodone, but contained fentanyl; cocaine; and alprazolam, all of which are scheduled controlled substances, from sources of supply in the District of Arizona.
>
> After obtaining possession of these substances, Fany Madrigal-Lopez would redistribute these substances to various customers in the metropolitan Phoenix area for profit. Her children and co-defendants, which included Adolfo Macias-Madrigal; Paulina Madrigal-Macias; and I, defendant Luis Angel Macias, would occasionally redistribute these substances to these customers and/or obtained payment for these substances from these customers. At the time that I redistributed these controlled substances for Fany Madrigal-Lopez; I knew that I was distributing controlled substances on her behalf. After Fany Madrigal-Lopez was arrested in this case, Paulina Madrigal-Macias and I continued to make contact with some of these customers and attempted to obtain payment for controlled substances previously sold to these customers. At this time, I owned and had possession of .308 caliber rifle described in the forfeiture provision above.
>
> One of these customers was an individual known as P.L. On the evening of November 16, 2016, P.L. travelled to Fany Madrigal-Lopez's residence at 7336 West Vogel Avenue, Peoria, Arizona. While at Fany Madrigal-Lopez's residence, she knowingly and intentionally sold and distributed several pills to P.L. that were blue in color, were labeled individually as "M-30," and looked like oxycodone. These pills in fact contained fentanyl and other substances. P.L. then consumed

these pills and the fentanyl in these pills caused P.L. to overdose and die that same night.

Despite learning of P.L.'s death, Fany Madrigal-Lopez, Adolfo Macias-Madrigal, Paulina Madrigal-Macias, and I continued to obtain and distribute controlled substances to other customers in the metropolitan Phoenix area and/or and obtained payment for these substances from these customers.

As part of these activities, on July 26, 2017, Fany Madrigal-Lopez and I discussed, over a series of telephone text messages, that one of our customers believed that pills sold to this customer contained fentanyl because of its powerful effects and the nausea it caused. As part of this conversation, Fany Madrigal-Lopez and I discussed trying to sell these pills slowly over time. On July 27, 2017, Fany Madrigal-Lopez and I talked about these pills again over a series of text messages. At this time, I told Fany Madrigal-Lopez that I would try to make contact with the source of these pills and get our money back. In the event that I was unable to do so, I told Fany Madrigal-Lopez that I would continue to try and sell these pills.

On August 18, 2017, the Drug Enforcement Administration executed a search warrant at Fany Madrigal-Lopez's residence at 7336 West Vogel Avenue, Peoria, Arizona. Inside her bedroom and vehicle, agents found and seized quantities of oxycodone; cocaine; blue "M-30" pills that contained fentanyl; and alprazolam.

For purposes of this factual basis, I admit and acknowledge that, on July 26 and 27, 2017, I used a communications facility, that is telephone text messages, to facilitate the drug conspiracy charged in this case by discussing the effects of and the continued distribution of controlled substances. Finally, I admit and acknowledge that, at the time of my contact with certain customers in this case, I owned and possessed the .308 caliber rifle and ammunition described in the forfeiture provision above and consent to forfeiture as set forth above.

b. The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

(including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

3/22/18
Date

*Luis A. Macias*
LUIS ANGEL MACIAS
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

3/22/18
Date

DENISE AGUILAR
Attorney for Defendant

///

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

3/22/18
Date

CAROLINA ESCALANTE-KONTI
D. J. PASHAYAN
Assistant U.S. Attorneys

## ACCEPTANCE BY THE COURT

5-7-18
Date

HONORABLE DOUGLAS L. RAYES
United States District Judge